UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SHEILA HIX,<br><br>    Plaintiff,<br><br>v.<br><br>SAM'S WEST, INC., a foreign corporation, dba SAM'S CLUB; DOE EMPLOYEES I-X; and ROE CORPORATIONS I-X, inclusive,<br><br>    Defendants. | Case No. 2:20-cv-02266-GMN-EJY<br><br>**REPORT AND RECOMMENDATION**<br><br>RE:  ECF Nos. 14, 15, and 16 |

Pending before the Court are Defendant Sam's West, Inc.'s Motions to Set Aside Judgment (ECF No. 14), to Enforce Settlement (ECF No. 15) and Place Settlement Under Seal. ECF No. 16. Plaintiff responded to none of these Motions.

United States District Court for the District of Nevada Local Rule 7-2(d) states: "The failure of a moving party to file points and authorities in support of the motion constitutes a consent to the denial of the motion. The failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion." The opposing party in this case is Plaintiff. Plaintiff did not file points and authorities in response to Defendant's Motions. This failure constitutes Plaintiff's consent to the granting of the Motions.

In addition, the Court reviewed the Motions and first finds the Motion to Set Aside Judgment is meritorious. A review of the Motion to Set Aside Judgment demonstrates there is no dispute that the deadline to accept the offer of judgment (sometimes the "OOJ") made by Defendant was "contingent upon the Bankruptcy Court's approval." ECF No. 14 at 5 (internal citation omitted). There is also no dispute that Plaintiff never obtained Bankruptcy Court approval to accept an offer of judgment the terms of which Plaintiff otherwise accepted. Further, on November 8, 2021 Defendant wrote Plaintiff and "asked … [Plaintiff's counsel] to either confirm in writing that he was going to refile his motion [for Bankruptcy Court approval] or agree to execute a stipulation and order

setting aside the Judgment." *Id.* at 8. Defendant states Plaintiff agreed to vacate the judgment; however, the stipulation was never filed because Plaintiff failed to follow through. *Id*. at 9. Given the absence of Bankruptcy Court approval of the offer of judgment, the Court finds the judgment against Defendant should not have been entered.

This leads the Court to ask if the Motion to Enforce Settlement should be granted. If the judgment is set aside because the acceptance of the offer of judgment was contingent on Bankruptcy Court approval, is there a settlement that can be enforced? As Defendant states: "Where essential terms of a proposal are accepted with qualifications, or not at all, an agreement is not made." *Id.* at 4 *citing Heffern v. Vernarecci*, 544 P.2d 1197, 1198 (Nev. 1976) (citing *McCone v.* Eccles, 181 P. 124 (Nev. 1919). Further, Defendant states: "A conditional or qualified acceptance is, in effect, a statement that the offeree is willing to enter into a bargain differing in some respects from that proposed in the original offer." *Id*. *citing Wisenbaker v. Farwell*, Case No. 3:03-cv-0500-LRH (VPC), 2010 WL 2035708, at *1 (D. Nev. Apr. 26, 2010).

Defendant argues that Plaintiff, through counsel, is bound to the *terms* in the offer of judgment; that is, the settlement terms and, on this basis, the Court should enforce settlement. However, Defendant offers no law that discusses whether the requirement for approval from the Bankruptcy Court, which was stated from the outset as necessary to effect the OOJ, was or was not a material term of the settlement. While enforcement of a settlement is proper when the parties have reached agreement on all material terms, the parties "must have *either* agreed to the terms of the settlement or authorized their respective counsel to settle the dispute." *Marks–Foreman v. Reporter Pub. Co.*, 12 F.Supp.2d 1089, 1092 (S.D.Cal.1988) (citing *Harrop v. Western Airlines, Inc.*, 550 F.2d 1143, 1144-45 (9th Cir.1977) (emphasis added)); *Alipio v. Secretary of Army*, Case No. C94-00224 CRB, 1998 WL 231021, at *3 (N.D.Cal. May 1, 1998); *see also Callie v. Near*, 829 F.2d 888, 890 (9th Cir. 1987) ("[i]t is well settled that a district court has the equitable power to enforce summarily an agreement to settle a case pending before it") (internal citation omitted). Here, the Court finds there was a meeting of the minds on the amount to be paid and the execution of a settlement agreement which was to include confidentiality, that never occurred. There also appears to have been a meeting of the minds that the payment of the settlement amount would not occur

without bankruptcy approval, which also did not occur. However, the failure to sign a settlement agreement is not fatal to the Court's ability to enforce settlement; nor is the failure to sign a stipulation to dismiss. But, as stated, those are not the terms at issue for this Court.

In *In re City Equities Anaheim, Ltd*, 22 F.3d 954 (9th Cir. 1994), the court considered a motion to enforce a "drop dead clause in a memorandum agreement settling a dispute with a Chapter 11 debtor …" The court explained that "[i]t is true that summary enforcement is inappropriate where material facts concerning the existence or terms of a settlement agreement are in dispute." *Id*. at 958. The court thereafter stated that no material facts were in dispute; that is, the party sought to be held to the settlement did "not dispute its intent to be bound …." *Id*. The court further held that "[l]ike many litigants, [the party seeking to enforce the agreement] sought to end a suit based on the absence of any disputed material facts. In this respect, its motion was akin to a motion for summary judgment." *Id*. at 958-59 *citing Tiernan v. Devoe*, 923 F.2d 1024, 1031–32 (3d Cir.1991) (likening motion to enforce settlement to motion for summary judgment); Bankruptcy Rule 7056 (incorporating Fed. R. Civ. P. 56 providing for summary judgment where no material factual dispute exists). Other than the discussion in this Ninth Circuit decision, which is only tangentially on point, the Court found nothing on which to rely when determining whether Bankruptcy Court approval was a material term of the settlement agreement. The Court therefore turns to the meaning of "material terms" to decide whether the settlement Defendant seeks to enforce should, in fact, be enforced.

Material terms are those that go to "the substance of the contract and, if breached, defeat the object of the parties in entering into the agreement." *Metke v. Bank of New York Mellon*, Case No. 3:12-cv-0384-PA, 2014 WL 5824773, at *2 (D. Ore. Nov. 7, 2017) (internal citation omitted). Here, there is no dispute that Plaintiff entered into an agreement to end her claims against Defendant for a set sum of money that included a standard release, confidentiality, and an indemnification provision. Although there were numerous correspondences of several types and telephone communication regarding approval of an offer of judgment through Bankruptcy Court, at no time did Plaintiff refute or otherwise express a rejection of the settlement itself or the settlement terms. In fact, Plaintiff has not refuted her intent to obtain Bankruptcy Court approval of the settlement; rather, she just failed to obtain the approval promised.

1 | Given the substantial evidence of agreement to all substantive terms, the Court finds it is empowered to enforce the settlement, which includes an amount, confidentiality, and indemnification. The approval of the Bankruptcy Court was procedural. The Court further finds that because confidentiality was a term agreed upon by the parties, the Court should grant Defendant's request to redact the settlement amount from filings with the Court. However, Defendant should identify each filing in which the information it seeks redacted is located. The Court recommends Defendant file a motion to seal that clearly identifies these filings while simultaneously filing redacted versions of the same documents on the public record.

Accordingly, IT IS HEREBY RECOMMENDED that Defendant Sam's West, Inc.'s Motions to Set Aside Judgment (ECF No. 14) and to Enforce Settlement (ECF No. 15) be GRANTED.

IT IS FURTHER RECOMMENDED that Judgment entered at ECF No. 13 be struck from the record.

IT IS FURTHER RECOMMENDED that Defendant Sam's West, Inc.'s Motion to Place Settlement Under Seal (ECF No. 16) be GRANTED; provided, however, that Defendant file, within seven (7) days of the date of this Order, a motion identifying each filing by ECF number that it wishes to seal while simultaneously filing redacted versions of the same filings.

Dated this 28th day of April, 2022.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).